IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| EUGENIO GUARDIOLA-RAMIREZ, | ) | C/A No. 4:08-373-RBH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 6, 2008, challenging the BOP's determination that he is not eligible for the early release provision provided in 18 U.S.C. §3621(e)(2)(B) for successful completion of a Residential Drug Abuse Program.[1]

This matter is before the court on petitioner's motion filed February 25, 2008, entitled "Petitioner's Motion for Expedite Judgment on the Pleadings Pursuant to F.R.C.V.P. 12©." (Document #3). In this motion, petitioner basically restates the allegations in his petition and asserts that "there exists to determinable question of facts, only issues of law." (Document #3). Petitioner requests that this court determine that he has not committed a "crime of violence" and is, therefore, eligible for a reduction in sentence.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

## **STANDARD FOR JUDGMENT ON THE PLEADINGS**

In S & S Construction v. Reliance Ins., 42 F.Supp. 2d 622, 623 (D.S.C. 1998), the court set out the standard for Judgment on the Pleadings as follows:

> Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings after the pleadings are closed. Fed.R.Civ.P. 12(c). Such a motion should be granted when accepting the facts as pleaded in the Complaint, the case can be decided as a matter of law. *Tollison v. B & J Machinery Co., Inc.,* 812 F.Supp. 618, 619 (D.S.C.1993). When the statute of limitations is alleged as a bar to Plaintiff's claims, a motion under Rule 12(c) is appropriate. *Id.*

## **ANALYSIS**

Petitioner filed this motion nineteen (19) days after the filing of his petition and before an order was issued authorizing service of process. Thus, respondent had not filed a responsive pleading as respondent had not even been served at the time of the filing of this motion. A Rule 12(c) motion is premature if made before an answer is filed. Thus, the motion is not proper as it was filed prematurely. Further, respondent has filed a motion for summary judgment submitting matters outside of the pleadings, and petitioner has filed a response also submitting matters outside of the pleadings. Accordingly, the parties' dispute cannot be resolved on the pleadings and petitioner's motion to expedite judgment on the pleadings should be denied.[2] The court will address the motion for summary judgment in a separate report and recommendation.

---

[2] If this motion was construed as a motion for summary judgment, it should be denied as it does not comply with Rule 56 of the Federal Rules of Civil Procedure.

## **CONCLUSION**

For the reasons stated above, it is RECOMMENDED that petitioner's motion to expedite judgment on the pleadings (document #3) be DENIED.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 26, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

3