IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| EUGENIO GUARDIOLA-RAMIREZ, | ) | C/A No. 4:08-373-RBH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 6, 2008, challenging the BOP's determination that he is not eligible for the early release provision provided in 18 U.S.C. §3621(e)(2)(B) for successful completion of a Residential Drug Abuse Program (RDAP).[1] Petitioner argues that the BOP has incorrectly determined that his prior misdemeanor offense of Involuntary Manslaughter is a crime of violence, therefore, rendering him ineligible for early release after completion of the RDAP. Respondent filed a return and motion for summary judgment on April 29, 2008. Because the petitioner is proceeding pro se, he was advised on or about April 30, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the respondent's motion for summary judgment could result in dismissal of his petition. Petitioner filed a response on May 12, 2008.

On August 8, 2008, petitioner filed a change of address with the court stating that he was being transferred to the half-way house program until February 2009, and to forward his mail to him

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

at the address he was providing in Puerto Rico. Further, petitioner also filed a document on August 11, 2008, entitled "Motion to Inform" in which he requests that the court order his "immediate transfer to the half-way house in Puerto Rico." (Doc. # 24).

Based on the documents filed with the court, it appeared petitioner had received the relief he was seeking, release to a half-way house in Puerto Rico. Therefore, the undersigned issued an order on January 13, 2009, giving the parties ten (10) days from the date of that order to inform the court as to why this action should not be deemed moot. Within said order, the parties were instructed that if a response in opposition to finding this action now moot was not filed within ten (10) days of the date of said order, a report and recommendation would be entered recommending that this petition be dismissed as moot. No response was filed by the petitioner.

Previous to the order of January 13, 2009, respondent filed a motion to dismiss and memorandum in support on January 9, 2009. In this motion, respondent argued that the petition is moot in that petitioner had been released to a half-way house in Puerto Rico on August 19, 2008, and was placed on home confinement on November 28, 2008. ( Doc. #25 ).

As petitioner has been released to the halfway house/home confinement in Puerto Rico which is the relief he was seeking, this petition is moot.[2]  Therefore, it is recommended that this petition be dismissed as MOOT.

---

[2] It is noted that respondent asserted in the memorandum in support of the motion for summary judgment that petitioner has a projected release date of February 14, 2009, via Good Conduct Time (GCT0 release. It is also noted that petitioner stated in his "Motion to Inform Change of Address" that he was being transferred to the halfway house program in Puerto Rico until "February 19, 2009." (Doc. #23).

CONCLUSION

Based on the reasons set out above, it is RECOMMENDED that the petition be dismissed as MOOT.

Further, it is RECOMMENDED that all outstanding motions be deemed MOOT.[3]

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 2, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[3] In the alternative, it is recommended that respondent's motion to dismiss be GRANTED as petitioner has been released to home confinement.

3